# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| John Doe, | Court File No. 16-cv-1127 (JRT/DTS) |
| Plaintiff, | |
| v. | **DECLARATION OF ATTORNEY BEAU D. MCGRAW** |
| University of St. Thomas, | |
| Defendant. | |

STATE OF MINNESOTA )
                    )ss.
COUNTY OF WASHINGTON )

**BEAU D. MCGRAW**, being duly sworn, declares under the penalties of perjury the following to be true to the best of his knowledge:

1. I am an attorney-at-law licensed to practice law in the State of Minnesota, and admitted to the bar of this Court. I represent the Plaintiff in this case.

2. Everything I have stated in this affidavit is from my own first-hand, personal knowledge as counsel of record.

3. On June 1, 2017, I caused Defendant to be served with *Plaintiff's First Request for Production of Documents to Defendant*.

4. Attached hereto as **Exhibit 1** is a true and correct copy of *Plaintiff's First Request for Production of Documents to Defendant*.

5. On July 13, 2017, Defendant served on me *Defendant's Responses to Plaintiff's First Request for Production of Documents*.

1

6. Attached hereto as **Exhibit 2** is a true and correct copy of *Defendant's Responses to Plaintiff's First Request for Production of Documents.*

7. On or about the same date, Defendant served on me *Defendant's Responses to Plaintiff's First Interrogatories.*

8. Attached hereto as **Exhibit 3** is a true and correct copy of *Defendant's Responses to Plaintiff's First Interrogatories.*

9. At that time, Defendant did not provide my office with a responsive production of documents.

10. On August 7, 2017, after attempting to confer in good faith with Defendant's counsel regarding the lack of a timely production of documents, I was forced to bring a motion to compel Defendant's compliance with the discovery process. *See* Docket # 79.

11. After my motion to compel Defendant's compliance with the discovery process was served and filed, Defendant eventually produced documents and I canceled my motion before it was heard. *See* Docket 86.

12. After an initial review of the produced documents was completed, I sent a letter to Ms. Maren Grier, Esq., counsel for Defendant, dated September 20, 2017 regarding my review of the produced documents.

13. Attached hereto as **Exhibit 4** is a true and correct copy of my letter to Ms. Grier dated September 20, 2017.

14. Following my letter to Ms. Grier above, I sent another letter, this time addressed to David Schooler, Esq., also counsel for Defendant, dated September 22, 2017, advising him that we had almost completed reviewing the documents produced and addressing numerous initial deficiencies with the production.

15. Attached hereto as **Exhibit 5** is a true and correct copy of my September 22, 2017 letter to Mr. Schooler.

16. On about October 2, 2017, I sent another letter to Mr. Schooler regarding more specific discovery insufficiencies.

17. Attached hereto as **Exhibit 6** is a true and correct copy of my October 2, 2017 letter to Mr. Schooler.

18. On about October 5, 2017, I again sent correspondence to Ms. Grier inquiring if the document production we were to receive that day was a curative production, addressing redaction issues and items missing from Defendant's production.

19. Attached hereto as **Exhibit 7** is a true and correct copy of my letter to Ms. Grier dated October 5, 2017.

20. On about October 12, 2017, my assistant, Melissa Schultz, sent an e-mail I had dictated and approved to Ms. Grier (and copied me) entitled and regarding "The Discovery Dispute" and addressing numerous discovery issues I raised, and defense counsel had raised.

21. Attached hereto as **Exhibit 8** is a true and correct copy of Ms. Shultz' October 12, 2017 e-mail.

22. On October 24, 2017, I had Ms. Shultz send another email to Ms. Grier regarding the ongoing discovery issues and addressing specific uncured deficiencies with Defendant's discovery.

23. Attached hereto as **Exhibit 9** is a true and correct copy of the October 24, 2017 email.

24. On January 23, 2018, I conducted the deposition of Linda Baughman, Dean of Students at Defendant.

25. Attached hereto as **Exhibit 10** are pages 1 – 3, 53 and 54 of the transcript from the Confidential Deposition of Linda Baughman taken January 23, 2018.

26. On January 24, 2018, I conducted the deposition of Defendant's associate general counsel, Abigail Crouse.

27. Attached hereto as **Exhibit 11** are pages 1 – 3 and 40 – 44 of the transcript from the Confidential Deposition of Abigail Crouse taken January 24, 2018.

28. Also on January 24, 2018, I conducted the deposition of Nora Fitzpatrick, Defendant's Title IX Coordinator on and around December 13, 2015.

29. Attached hereto as **Exhibit 12** are pages 1 – 3, 16 – 23, 27, 35 – 36 and 39 – 42 of the transcript from the Confidential Deposition of Nora Fitzpatrick.

30. On January 31, 2018, I conducted the deposition of Brad Pulles, Defendant's associate retention programming director.

31. Attached hereto as **Exhibit 13** are pages 1 – 3, 10 – 13 and 17 from the transcript of the Confidential Deposition of Brad Pulles.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: April 4, 2018

_____
Beau D. McGraw