UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Doe,

    Plaintiff,

v.

                                      Court File No. 16-cv-01127 (JRT/DTS)

University of St. Thomas,

    Defendant.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

To: Defendant, University of St. Thomas, through its Attorney, David Schooler, Briggs and Morgan, P.A., 2200 IDS Center, 80 South 8th Street, Minneapolis, MN 55402.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff John Doe ("Doe") requests that Defendant, University of St. Thomas ("Defendant"), within 30 days of service, Answer the Requests for Production of Documents set forth below, in writing and under oath, and produce the documents. The Answer and documents should be served on McGraw Law Firm, 10390 39th Street North, Suite 3, Lake Elmo, Minnesota 55042.

Defendant's Answer and Production of Documents shall be in accordance with the Federal Rules of Civil Procedure and the Instructions and Definitions set forth in Plaintiff's Interrogatories to Defendant.

EXHIBIT 1

## INSTRUCTIONS AND DEFINITIONS

1. These requests for production of documents are continuing in character and require each defendant to supplement its production if additional, responsive documents are obtained at a later time.

2. For the purposes of these discovery requests the use of the term "document" is meant to include and encompass any and all information stored in any manner, whether in paper, photograph, video, audio or electronic format.

3. Document also refers to all electronically stored information or ESI and includes, without limitation, all types of email whether stored on an individual desktop, laptop, smartphone, mobile device of any type, cell phone, iPod, iPhone, server, network or router. Document also includes all files formed or received from any type of software application including word processing, spreadsheet, internet browsers, internet caches, database, operating systems, cookies, instant messages, voicemails, webhosts, image files (TIFF, JPEG, PDF), mpegs, video or audio files or any other file created by means of, or stored in, an electronic application. This definition is to be interpreted broadly and include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voicemails, emails, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable storage media such as tapes disks, cards, printouts, document image files, web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks, statements; worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, transcripts of

recordings and information that serves to identify, locate or link any such material such as file inventories, file folders, indices, and metadata.

4. The documents and data to be produced are those described below that are in the possession, custody, or control of each defendant and its respective agents, employees, attorneys, investigators, security officers, police officers, consultants, or other representatives, including documents and data you have the right, or practical ability, to obtain from others on demand.

5. If any document otherwise subject to production pursuant to these requests has been destroyed or discarded, for each such document, provide the title, author, date, type of document (*e.g.*, letter, memorandum, notes), addressee(s) and recipient(s), the date on which it was destroyed or discarded, method of destruction, and the reason for destroying or discarding the document.

6. For the purposes of these discovery requests the term Sexual Misconduct is defined by the terms of the Defendant's sexual misconduct policy        .

7. The charge against John Doe means the claim that John Doe committed Sexual Misconduct as described in the complaint.

8. The events of December 11, 2015 and December 12, 2015 means the events that occurred on that date on the campus of the Defendant and described in the complaint.

9. The Defendant's disciplinary proceeding against John Doe means the events described in the complaint        .

10. "Title IX" means Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688.

11. If, in answering these requests, you encounter any ambiguities in construing either a request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering.

12. Unless otherwise specified, all requests refer to the subject matter of the complaint filed in this action.

## REQUESTS FOR DOCUMENTS AND THINGS

1. Produce any and all data retention polices or procedures addressing the retention, deletion, destruction or other obliteration of any "document or ESI." This shall include, but not be limited to, all polices relevant to paper or hard format documents including photographs, handwritten notes, models, prototypes; policies relevant to all forms of electronic "documents or ESI" including all word processing files, emails, spreadsheet files, cookies, internet caches, weblogs, favorites, native application format files, etc.

2. All documents in Defendant's care, possession and control, including those held by third parties which are concerning, or make any reference whatsoever regarding John Doe, including the complete educational and disciplinary record of John Doe.

3. All documents concerning any and all claims of sexual misconduct of any nature against John Doe, including those referenced in the complaint, as well as all documents concerning the events of December 11, 2015 and December 12, 2015.

4. All documents concerning the Defendant's disciplinary proceeding against John Doe.

5. All documents concerning John Doe created by or in the possession of the St. Paul Police Department.

6. All documents concerning the claims made by the complainant against John Doe including any presented in support of her claims including hospital records, police records and any accommodations provided to the complainant due to John Doe's alleged violation of any Defendant policy.

7. All documents concerning the investigation, evaluation, prosecution, adjudication, appeal, or review of the sexual misconduct charges against John Doe.

8. All documents concerning any communication relating in any way to (a) the charge against John Doe; (b) the events of December 11, 2015 and December 12, 2015; (c) any communications with any third party(ies) regarding the sexual misconduct claims against John Doe or this lawsuit; (d) the Defendant's disciplinary proceeding against John Doe.

9. All written statements of any person with information relating to the proceedings against John Doe or the events of         .

10. All documents produced by the Defendant to John Doe in response to any request under FERPA.

11. The Defendant's policies, procedures, rules, and regulations concerning sexual misconduct in effect during the following school years: (a) 2013-2014; (b) 2014-2015; and (c) 2015-2016 including any proposed additions or revisions made, or not made to, the Defendant's policies, procedures, rules, and regulations concerning sexual misconduct during the years 2013 to date.

12. All documents that demonstrate in any way that the Defendant fully complied, or did not fully comply, with its own applicable policies, procedures, rules, or regulations, in (a) the investigation, evaluation, prosecution, adjudication, or appeal of the charge against John Doe.

13. All documents including all agendas, written material, evaluations, assessments, videos concerning the training, certification or guidance given to any Defendant employee, agent or student who was involved in any way in (a) the investigation, evaluation, prosecution, adjudication, or appeal of the charge against John Doe (b) any other investigation, evaluation, prosecution, adjudication or appeal of any sexual misconduct matters.

14. All documents concerning the investigation, adjudication or appeal of claims against John Doe by the Defendant including, but not limited to, any record made of the interviews of witnesses, John Doe or the complainant including any notes taken by any person during the course of the investigation and adjudication, and all documents provided to any member of the administration, investigators, faculty regarding John Doe or the claims against John Doe.

15. All documents, educational or training material provided by Defendant or third parties to the prospective or enrolled students of Defendant, any clubs, student organizations, counseling services and third parties regarding sexual misconduct, sexual assault, rape, sexual harassment or any conduct prohibited by the Defendant's Sexual Misconduct policy.

16. All documents concerning the Defendant's efforts to comply with the provisions of Title IX as set forth in of the complaint.

17. All documents concerning any investigation, evaluation, prosecution, adjudication, or appeal of a charge of sexual misconduct or similar offense made to the Defendant from August 1, 2005 to the present.

18. All documents identified in the answers to plaintiff's first interrogatories.

19. All documents that support any denial or any defense in the answer to the complaint.

20. A complete copy of the file of any expert witness that may be called by any defendant at trial of this matter. This request includes, but is not limited to, any documents provided to the

expert by any defendant; any documents reviewed by the expert which were considered by the expert in reaching, explaining, or defending any opinion that may be rendered at the trial of this matter; as well as any notes, billing records, or other documents that were prepared by such expert.

John Doe,
By his attorney:

Dated: 6/1/17

MCGRAW LAW FIRM, P.A.

Beau D. McGraw, I.D. No.: 31190X
10390 39th Street North, Suite 3
Lake Elmo, MN 55042
Telephone: (651) 209-3200
beau@mcgrawlawfirm.com

COUNSEL FOR PLAINTIFF