## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN DOE, | Civil No. 16-1127 (JRT/DTS) |
| Plaintiff, | **AMENDED STIPULATED PROTECTIVE ORDER** |
| v. | |
| UNIVERSITY OF ST. THOMAS, | |
| Defendant. | |

Beau D. McGraw, **MCGRAW LAW FIRM, PA,** 10390 39th Street North, Lake Elmo, MN 55042, for plaintiff.

David A. Schooler, Ellen A. Brinkman, Maren F. Grier, **BRIGGS & MORGAN, PA,** 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, for defendant.

**IT IS HEREBY** stipulated and agreed by and between Plaintiff John Doe ("Doe") and Defendant University of St. Thomas, ("UST" or the "University") (individually, a "Party" and collectively, the "Parties"), who are seeking to protect the confidentiality of testimony given and discovery material produced in the above-captioned matter, that the terms and conditions of this Stipulated Confidentiality Agreement and Protective Order shall apply as set forth below.

Accordingly, **IT IS HEREBY ORDERED:**

1.  This Stipulated Protective Order ("Order") shall apply to all documents, records, tangible materials, testimony, responses to discovery, pleadings, motions, memoranda, exhibits and other information produced, served, disclosed or filed in this action from the inception of the case until its conclusion, including all appeals, as further

defined in paragraph 22. The Parties have reserved the right to enter into a further stipulation thereafter or to seek different treatment of Confidential Information or Student Information by motion as set forth in paragraph 23. Material designated as "Confidential" shall remain "Confidential" thereafter and material designated as "Student Information" shall remain "Student Information" thereafter. The Parties agree that the Court shall retain continuing jurisdiction during the balance of this action and after its conclusion to enforce this Order.

2. As used in this Order, these terms have the following meanings:

   (a) "Attorneys" means outside counsel of record in the above-captioned case, or any other attorneys employed by counsel of record's law firm;

   (b) "Confidential Information" means any material or information that a Party or third party believes in good faith to contain confidential commercial, or private information; and

   (c) "Student Information" means personal identifying information of any student of the University of St. Thomas or any information maintained by the University of St. Thomas that meets the definition of an "education record" under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, 34 C.F.R. § 99.1 *et. seq*.

   (d) "Exhibit A" means the Declaration of _____ Under Stipulated Confidentiality Agreement and Protective Order, to be signed by individuals given access to Confidential Information.

3. Any Party may designate as "Confidential" any exhibits, papers, information both in hard copy and electronic form, tangible items and/or objects, representations of facts, discovery material (including answers to interrogatories, responses to requests for production, responses to requests for admissions and documents produced and any information provided by third parties) and sworn testimony (including affidavits and depositions), or any portion thereof, produced or given in this action that the Party contends

in good faith contains or reflects Confidential Information. Any Party may designate as "Student Information" any exhibits, papers, information both in hard copy and electronic form, tangible items and/or objects, representations of facts, discovery material (including answers to interrogatories, responses to requests for production, responses to requests for admissions and documents produced and any information provided by third parties) and sworn testimony (including affidavits and depositions), or any portion thereof, produced or given in this action that contains "Student Information."

4.  A Party that has previously produced information to another party in connection with this action, whether voluntarily or in response to a discovery request, may designate such information as "Confidential" or as "Student Information." Such designation shall be made within fourteen days of the entry of this Order, and in the meantime, Parties shall treat all material as designated "Confidential" or "Student Information." The previous disclosure of materials not previously designated as "Confidential" or "Student Information" shall not be actionable, provided that no additional disclosure of those materials occurs in violation of this Order.

5.  When producing discovery material designated as "Confidential" or "Student Information," the producing party shall mark the face of the document or thing to indicate its confidential nature and production pursuant to this Order. The document or thing can be replaced by an unmarked copy, if appropriate, for use at trial, without waiving the rights and obligations under this Order.

6.  When giving pretrial or court testimony designated as "Confidential" or "Student Information," the testifying witness (or any counsel) may announce on the record

at the beginning and end of such testimony to indicate its confidential nature pursuant to this Order. Alternatively, the testifying witness (or any counsel) may designate the beginning and end of the confidential testimony on the errata sheet or by any other written notification within thirty days after receipt of a copy of the transcript from the court reporter. After that thirty-day period has expired, only the testimony that has been designated as provided above shall be deemed "Confidential" or "Student Information" and shall not be disclosed to any third-party or nonparty. The reporter shall bind the "Confidential" testimony and information designated as "Student Information" in separate volumes and mark the face of the transcript to indicate its confidential nature and production pursuant to this Order.

       7.     If a party files documents containing Confidential Information with the Court, such filings shall be in compliance with the Electronic Case Filing Procedures for the District of Minnesota and the Court's governing pretrial scheduling order addressing the filing, service, and delivery of "Confidential" materials on a party opponent and the Court. The parties understand that designation by a party, including a third party, of a document as "Confidential" pursuant to this Protective Order cannot be used as the sole basis for filing the document under seal in connection with a nondispositive, dispositive or trial-related motion. The parties understand that designation by a party, including a third party, of information as "Student Information" pursuant to this Protective Order requires filing the document under seal in connection with a nondispositive, dispositive or trial-related motion. Only those documents and portions of a party's submission (including those portions of affidavits, exhibits and memorandum of law) which otherwise meet the

requirements of protection from public filing (e.g. a statute, rule or regulation prohibits their disclosure; they are protected under the attorney-client privilege or work product doctrine; they meet the standards for protection articulated in F.R.C.P. Rule 26(c)(1)(G); or they contain Student Information) shall be filed under seal. The Party seeking to file under seal shall contemporaneously file a redacted version of any sealed documents. If the party submitting a document produced and designated as "Confidential" by another party in support or opposition to a motion believes that any such document should not be filed under seal, then sufficiently in advance of the submission, the party shall request the party designating the document as "Confidential" to permit the document to be publically filed, and the designating party shall respond to the request within five business days of the request (a) by indicating whether the designating party agrees or objects to the public filing of the document, and (b) for any objection, by explaining why the document meets the requirements of protection from public filing. If the party designating the document as "Confidential" objects to the public filing of any document, then the document shall be filed under seal, and at the same time as it is filed, the party filing the document under seal must notify in writing the party who designated the document as "Confidential" and the Court hearing the motion for which the sealed document is being submitted of the dispute regarding the filing of the document under seal, and at the hearing these parties shall address with the Court whether the document should or should not remain sealed. The party asserting that the document should be filed under seal shall have the burden of proving that the document shall remain under seal.

8.   When filing such material or testimony under seal, the filing Party shall ensure that it is sealed in an envelope or other container which, on its face, contains the caption of the case, the identity of the Party filing the material, the statement "CONFIDENTIAL-FILED UNDER SEAL" or "CONFIDENTIAL-STUDENT INFORMATION-FILED UNDER SEAL" and a statement substantially in the following form:

> THIS ENVELOPE CONTAINS DISCOVERY MATERIAL OR TESTIMONY SUBJECT TO A STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER ENTERED IN 16-cv-01127 (ADM/KMM). IT IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY WRITTEN ORDER OF THE COURT.

9.   "Confidential" and "Student Information" material produced or testimony given in the action shall be held in confidence and shall not be used, reproduced, distributed, transmitted, disclosed, transferred, reverse engineered, decompiled or disassembled, directly or indirectly, in any form, by any means, or for any purpose other than to assist counsel of record in the prosecution, defense, or settlement of this action.

10.   Material or testimony designated as "Confidential" or "Student Information" shall not be made available or disclosed other than to the following:

    (a)   the Parties, including employees and former employees of the Parties;

    (b)   Attorneys, limited to any attorney of a law firm designated as attorneys of record, as well as paralegals, secretaries, and clerical staff working with such attorneys, and contractors providing services to such attorneys, such as copying services;

    (c)    in-house attorneys for any Party;

    (d)    independent (*i.e.*, non-employee) persons retained by a Party or its attorney solely for the purpose of assisting counsel of record in the prosecution, defense or settlement of this action, such as independent experts, mock jurors, focus groups or consultants, but only in accordance with the provisions of paragraph 11 hereof;

    (e)    the Court, the Court's staff attorney(s), and judicial assistants of the Court;

    (f)    court reporters and videographers;

    (g)    a person who authored or received the document; and,

    (h)    any other person designated by written agreement between the Parties or by subsequent order of this Court after reasonable notice to all Parties.

11. In no event shall any material or testimony designated as "Confidential" or "Student Information" be disclosed to any person pursuant to paragraphs 10(d), 10(h), of this Order until that person has executed a written, dated declaration in the form attached as **EXHIBIT A**. The Parties warrant that they will obtain declarations for all such persons prior to disclosure.

12. Inadvertent failure to designate information as "Confidential" does not, standing alone, waive the designating Party's right to secure protection under this Order for such material. If material is designated as "Confidential" after the material is initially produced, the Party receiving the material, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

13. If a Party receiving protected materials learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not

authorized under this Order, then the receiving Party must immediately: (a) notify in writing the designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the protected materials; and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

14. Nothing in this Order shall require disclosure of any document that a Party contends is protected from disclosure by the attorney-client privilege, joint defense privilege work-product doctrine, or any other legally recognized privilege ("Privileged Document"). The inadvertent production of any Privileged Document shall be without prejudice to any claim that such material is privileged under the attorney-client privilege, joint defense privilege, work-product doctrine or any other legally recognized privilege, and no Party shall be held to have waived any rights by such inadvertent production.

15. In the event that any inadvertent disclosure of information is made, such disclosure is made without intent to waive: (a) any applicable privilege, including but not limited to the attorney-client privilege or joint defense privilege or (b) any protection, including but not limited to the attorney work product doctrine. Upon request by the inadvertently producing Party, the receiving Party shall:

    (a) within fourteen calendar days of receiving notice of the inadvertent production, destroy, sequester or return the original and all copies of such documents and any notes or materials derived from such documents; and

    (b) shall not use such information for any purpose unless allowed by Order of the Court; provided, however, that the receiving Party may retain and use an inadvertently-produced Privileged Document solely in connection with a prompt, good faith challenge to the protection claimed for such document. Any such challenge must be filed with the

> Court within fourteen days of receipt of the notice of inadvertent production.

16.     Except as provided below, witnesses at depositions taken during this action may be shown any "Confidential" material during the course of their deposition and a Party's ability to use, exhibit, or disclose such "Confidential" material at depositions taken in this action shall not be limited; provided, however, that before the witness may be shown "Confidential" or material that was produced by a Party other than the witness or his or her employer, the witness shall first sign a declaration in the form of **EXHIBIT A** if the witness has not already done so. If the witness does not sign a declaration in the form of **EXHIBIT A**, then the witness may not be shown "Confidential" material. Such use at a deposition will not be deemed a waiver of the provisions of this Order. Witnesses may not be shown any "Student Information" unless: (1) the deponent or witness is the subject of the Student Information; (2) the subject of the Student Information has given advance authorization in writing; (3) the deponent or witness is a non-student employee of the University of St. Thomas; or (4) the witness may be shown Student Information in accordance with Paragraph 10. Before a witness may be shown "Student Information", the witness shall first sign a declaration in the form of **EXHIBIT A** if the witness has not already done so.

17.     Whenever "Confidential" discovery material or testimony is to be discussed or disclosed in a deposition, any Party which produced the "Confidential" material or gave the "Confidential" testimony may require the exclusion from the room of any person who is not entitled to have access to the "Confidential" material or testimony under this Order. Whenever "Student Information" discovery material or testimony is to be discussed or

9

disclosed in a deposition, any person who is not entitled to have access to the "Student Information" under this Order shall be excluded from the room, unless the subject of the Student Information has authorized their presence in writing.

18. In the event that counsel for a Party identifies, discusses, or discloses any "Confidential" material or testimony during the course of pre-trial or trial proceedings, counsel for the producing Party may at that time, or after such identification, discussion, or disclosure, request that such materials or testimony be filed under seal with this Court and be subject to the terms of this Order.

19. Nothing shall prevent disclosure beyond the terms of this Order if the Party designating the material or testimony as "Confidential" consents in writing to such disclosure or if this Court, after notice to all affected parties, orders such disclosure.

20. A Party shall not be obligated to challenge the propriety of a designation by another party of material or testimony as "Confidential" at the time such designation is made, and a failure to make any such challenge shall not preclude a subsequent challenge by such Party to such designation. Any Party may move the Court, upon written notice via facsimile and overnight mail to counsel of record for the other Parties to this Order, to remove the designation of "Confidential" with respect to any specified document, testimony, or any other thing, or any portion thereof. Except as provided herein, the Party making the designation that a document, testimony or other thing is "Confidential" shall have the burden of proving the propriety of such designation.

21. Nothing herein shall be construed as a waiver of the right of any Party to object to the admissibility of any evidence where such objection is based on a ground or

grounds other than that the evidence involves "Confidential" material or testimony or "Student Information," and nothing herein shall be construed as an agreement that any "Confidential" material, "Student Information" or testimony shall be withheld from or excluded from evidence in this action.

22. Within ninety days after the final conclusion of this action (including all appeals, if any), any "Confidential" or "Student Information" discovery material, papers, documents, things, testimony, and all extracts, summaries and reproductions thereof, shall be delivered to the producing Party or destroyed, provided that work product of counsel containing or reflecting confidential material may be retained or destroyed at the option of that counsel. A Party choosing to destroy documents designated as "Confidential" or "Student Information" shall certify such destruction in writing to the producing Party. Insofar as the provisions of this Order or any protective order entered in this action restrict communication about and use of the material produced and testimony given thereunder, this Order and any such order shall continue to be binding after the conclusion of the action, except that a Party may seek the written permission of the producing Party or further order of the Court with respect to dissolution or modification of this or any other protective order.

23. Nothing in this Order precludes any Party from seeking the entry of a separate confidentiality order or protective order by the Court, or from seeking to modify this Order with regard to any "Confidential" or "Student Information" material or testimony produced or given in this action or with regard to any other matter.

24. A third party subject to a discovery or trial subpoena issued by a Party in this case shall have the right to make the designations provided by this Order. If such third party

elects to make such designations, and designates the materials in accordance with this Order, any information so designated shall be subject to the same restrictions as information designated by a Party to this action. Further, if a Party's information is disclosed by a third party, then the Party shall have fourteen days after disclosure by the third party to designate such information in accordance with this Order.

25. If any person receiving documents covered by this Order: (a) is subpoenaed in another action or proceeding, (b) is served with a demand in another action or proceeding to which the person or entity is a party or is otherwise involved, or (c) is served with any other process by one not a party to this litigation, which seeks material designated as "Confidential" material or "Student Information" by someone other than the receiving party, then the receiving party shall give actual written notice, by hand or facsimile transmission within five business days of receipt of such subpoena, demand or process, to those who designated the material "Confidential" or "Student Information." The receiving party shall not produce any of the "Confidential" material or "Student Information" for a period of at least fourteen days, (the "Response Period"), after providing the required notice to the designating party. If, within the Response Period, the designating party gives notice to the receiving party that the designating party opposes production, the receiving party shall not thereafter produce such information except pursuant to a court order requiring compliance with the subpoena, demand or other process. The designating party shall be solely responsible for asserting any objection to the requested production. Nothing herein shall be construed as requiring the receiving party or anyone else covered by this Order to appeal any order requiring production of "Confidential" material or "Student Information"

covered by this Order, or to subject himself or itself to any penalties for non-compliance with any legal process order or to seek any relief from the Court.

26.     Nothing in this Order shall be deemed an acknowledgement by any Party that discovery of "Confidential" material or "Student Information" is reasonably likely to lead to the discovery of admissible evidence in this action, or an acknowledgment that particular discovery requests are not burdensome or overbroad or otherwise objectionable.

27.     Notwithstanding the other provisions of this Order, information designated as "Confidential" or "Student Information" may be discussed publicly at either a court hearing or trial so long as the personal identifying information of any student of the University of St. Thomas is not disclosed. As used herein, personal identifying information means (a) the identities of any current or former students of the University of St. Thomas and (b) any information that could lead to the identification of any current or former students of the University of St. Thomas.

Dated: November 13, 2018                                 ___s/John R. Tunheim_____  
at Minneapolis, Minnesota                                   JOHN R. TUNHEIM  
                                                                                       Chief Judge  
                                                                United States District Court

## EXHIBIT A

**DECLARATION OF _____UNDER STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL AND STUDENT INFORMATION**

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I hereby acknowledge that I may receive information designated as "CONFIDENTIAL" or "STUDENT INFORMATION" under the Stipulated Protective Order, dated _____, 2016, in *Doe v. University of St. Thomas, Minnesota*, Civ. No. 16-cv-01127 (ADM/KMM), in the United States District Court for the District of Minnesota (the "Order"), and I certify my understanding that such information is confidential and is provided to me pursuant to the terms and restrictions of the Order.

5. I further state that I have been given a copy of and have read the Order, that I am familiar with the terms of the Order, that I agree to comply with and to be bound by each of the terms thereof, and that I agree to hold in confidence any information disclosed to me pursuant to the terms of the Order.

6. To assure my compliance with the Order, I hereby submit myself to the jurisdiction of this Court for the limited purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

7.      I understand that I am to retain all of the materials that I receive which have been designated as "CONFIDENTIAL" or "STUDENT INFORMATION" in a container, cabinet, drawer, room, or other safe place in a manner consistent with this Order; that all such materials are to remain in my custody until I have completed my assigned duties, whereupon they are to be returned to the party who provided them to me or destroyed, as provided by the Order; and that any materials, memoranda, work notes, or other documents derived from documents or testimony designated as "CONFIDENTIAL" or "STUDENT INFORMATION" containing any information contained therein are to be returned to the party who provided them to me or destroyed, as provided by the Order. Such delivery or destruction shall not relieve me from any of the continuing obligations imposed upon me by the Order. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the Order.

I declare under penalty of perjury and under the laws of the State of Minnesota that the foregoing is true and correct.

Name:_____

Signature:_____

Date: _____